**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JENNY WYNN,

        Plaintiff,

vs.                                        Case No. 3:12-cv-133-J-32MCR

FLORIDA AUTOMOTIVE SERVICES, LLC,
et al.,

        Defendants.
_____

**ORDER**

Plaintiff Jenny Wynn filed this case against Defendants Florida Automotive Services, LLC, CN Motors, Ltd. d/b/a Coggin Nissan, and Avenues Motors, Ltd. d/b/a Coggin Nissan at the Avenues, claiming pregnancy and sex discrimination in violation of the Florida Civil Rights Act ("FCRA") and Title VII.  (Doc. 22.)  This case is before the Court on Defendants' Motion to Dismiss Count I of the Second Amended Complaint.  (Doc. 23.)  The Court considers Defendants' motion, Wynn's response and exhibits, and Wynn's notice of supplemental authority.  (Docs. 23, 24, 25.)

**I. Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court should dismiss a claim where a party fails to plead facts that make the claim facially plausible.

Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). A claim is facially plausible where the Court can draw a reasonable inference based on the facts pled that the opposing party is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the complaint only alleges facts "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation omitted).

**II. Discussion**

Defendants move to dismiss Count I of the Second Amended Complaint "on the basis that the [FCRA] does not prohibit discrimination based upon pregnancy[,]" relying upon O'Loughlin v. Pinback, 579 So. 2d 788 (Fla. 1st DCA 1991), Fernandez v. Copperleaf Golf Club Community Association, Inc., No. 2:05-CV-286-FTM29SPC, 2005 WL 2277591 (M.D. Fla. Sept. 19, 2005), and DuChateau v. Camp Dresser & McKee, Inc., 822 F. Supp. 2d 1325 (S.D. Fla. 2011). (Doc. 23 at 5.) Wynn counters that the cases Defendants rely on are "objectively incorrect" and that "pregnancy discrimination is indeed prohibited by the [FCRA]," citing Carsillo v. City of Lake Worth, 995 So. 2d 1118 (Fla. 4th DCA 2008) and a slew of federal district court cases. (See Doc. 24 at 1, 5-10.) Additionally, Wynn filed a notice of supplemental authority alerting the Court to the recent decision of the Third District Court of Appeal in Delva v. The Continental Group, Inc., No. 11-2964, 2012 Fla. App. LEXIS 11966 (Fla. 3d DCA July 25, 2012), which held that the FCRA does not prohibit employment discrimination on the basis of pregnancy and certified conflict with Carsillo. (Doc. 25.)

However, Wynn criticizes the Delva opinion and maintains her position that the FCRA prohibits pregnancy discrimination. (See id. at 2-3.)

In O'Loughlin, the First District Court of Appeal affirmed the decision of the Florida Commission on Human Relations finding pregnancy discrimination under the Florida Human Rights Act of 1977 (now the FCRA) and remanded for a back pay award calculation. 579 So. 2d at 796. In doing so, the court found that the FHRA was preempted by Title VII, to the extent that the state law afforded less protection than federal law. Id. at 792. This finding by the court in O'Loughlin has resulted in much conflict in both the Florida and federal courts[1] in determining whether the FCRA prohibits employment discrimination based upon pregnancy.[2]

---

[1] If the state supreme court has not spoken on an issue, "[federal courts] must predict how the highest court would decide th[e] case." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011). However, the court must follow the intermediate state appellate courts, absent "some persuasive indication" that the supreme court would decide the issue differently. Silverberg v. Paine, Webber, Jackson & Curtis, Inc., 710 F.2d 678, 690 (11th Cir. 1983). If there is a split in the cases, the court is to apply the rule representing the overwhelming weight of authority. U.S. Fire Ins. Co. v. Mikes, 576 F. Supp. 2d 1303, 1315 n.15 (M.D. Fla. 2007). When that authority is balanced, the court must make an "educated guess" as to how the supreme court would decide the issue. Id. (citing Trail Builders Supply Co. v. Reagan, 409 F.2d 1059, 1061 (5th Cir. 1969)).

[2] Compare Carsillo, 995 So. 2d at 1121 (finding that the FCRA prohibits pregnancy discrimination), Constable v. Agilysys, Inc., No. 8:10-cv-01778-EAK-TGW, 2011 U.S. Dist. LEXIS 63518, at *17 (M.D. Fla. June 15, 2011) (same), Terry v. Real Talent, Inc., Case No. 8:09-cv-1756-T-30TBM, 2009 U.S. Dist. LEXIS 99777, at *5 (M.D. Fla. Oct. 27, 2009) ("Carsillo clarifies the ambiguity in O'Loughlin and makes it clear that the FCRA, which is patterned after Title VII, covers an act of discrimination based on pregnancy."), Rose v. Commercial Truck Terminal, Inc., Case No. 8:06-CV-901-T-17TGW, 2007 U.S. Dist. LEXIS 75409, at *3 (M.D. Fla. Mar. 30, 2007) (denying a motion to dismiss on the basis that "the FCRA covers pregnancy discrimination claims"), Wesley-Parker v. The Keiser Sch., Inc., No. 3:05-cv-1068-J-25MMH, 2006 U.S. Dist. LEXIS 96870, at *3 (M.D. Fla. Aug. 21, 2006) (holding that "because Title VII covers pregnancy discrimination, the FCRA also must cover

Having fully considered cases falling on both sides of the issue, and understanding that Florida law is confused on this point, the Court will follow, for now, the courts that have decided that the FCRA prohibits pregnancy discrimination, including the Fourth District Court of Appeal's decision in Carsillo.[3] As stated by the Fourth District Court of Appeal,

> when Congress passed the [Pregnancy Discrimination Act] in 1978, it explained that it had intended to prohibit discrimination based on pregnancy when it enacted Title VII in 1964. Because it was the intent of Congress in 1964 to prohibit this discrimination, and . . . we construe Florida statutes patterned after federal statutes in the same manner [as] the federal statutes . . . , it follows that the sex discrimination prohibited in Florida since 1972 included discrimination based on pregnancy. This conclusion is also consistent with the expressed intent of our legislature that our statute is to be liberally construed for victims of employment discrimination.

---

it"), Valentine v. Legendary Marine FWB, Inc., No. 3:09cv334/MCR/EMT, 2010 U.S. Dist. LEXIS 40425, at *13-14, *16 (N.D. Fla. Apr. 26, 2010) (citing Carsillo and denying motion to dismiss as to plaintiff's FCRA pregnancy discrimination claim), Bettis v. Toys "R" Us, No. 06-80334-Civ-ZLOCH/Snow, 2008 U.S. Dist. LEXIS 108597, at *28 (S.D. Fla. Dec. 17, 2008) (finding that "the FCRA includes claims for pregnancy discrimination"), and Brewer v. LCM Med., Inc., No. 05-61741-CIV-COOKE/BROWN, 2006 U.S. Dist. LEXIS 96865, at *7 (S.D. Fla. May 25, 2006) (same), with Delva, 2012 Fla. App. LEXIS 11966, at *1-2 (finding that the FCRA does not prohibit pregnancy discrimination), Boone v. Total Renal Labs., Inc., 565 F. Supp. 2d 1323, (M.D. Fla. 2008) (holding that "the FCRA does not provide a pregnancy-discrimination cause of action"), Fernandez, 2005 WL 2277591, at *1 ("[P]regnancy discrimination is not prohibited by the [FCRA.]"), Frazier v. T-Mobile USA Inc., 495 F. Supp. 2d 1185, 1187 (M.D. Fla. 2003) (same); Hammons v. Durango Steakhouse of Bradenton, Inc., No. 8:01-cv-2165-T-23MAP, 2002 U.S. Dist. LEXIS 28736, at *2-3 (M.D. Fla. Mar. 7, 2002) (same), Swiney v. Lazy Days R.V. Ctr., Inc., No. 8:00CV1356T26E, 2000 WL 1392101, at *1 (M.D. Fla. 2000) (same), and DuChateau, 822 F. Supp. 2d at 1336 (same).

[3] The Court also considers that, because pregnancy discrimination is undoubtedly encompassed by Wynn's Title VII claim, this case would proceed the same through discovery, even without the FCRA pregnancy claim. Nevertheless, the Court will be watching the progress of Delva to see if it should reevaluate its decision.

Carsillo, 995 So. 2d at 1121; see also Armstrong v. Flowers Hosp., Inc., 33 F.3d 1308, 1312 (11th Cir. 1994) ("Rather than introducing new substantive provisions protecting the rights of pregnant women, the PDA brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination.").

Accordingly, it is hereby

**ORDERED**:

Defendants' Motion to Dismiss (Doc. 23) is **DENIED**.[4]  Defendants shall answer the Second Amended Complaint **no later than November 5, 2012**.  A case management and scheduling order will issue separately.

**DONE and ORDERED** in Jacksonville, Florida this 10th day of October, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

jk
Copies To:

Counsel of Record

---

[4] While Wynn's counsel is commended for bringing new adverse authority to the Court's attention via his notice of supplemental authority (Doc. 25), Wynn's counsel is cautioned that he stepped over the line in the language and tone of his criticism of the Fourth District's decision in Delva.